UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
In Admiralty

Case No.:

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

    Plaintiff,

v.

DAI NGUYEN,

    Defendant.                    /

## COMPLAINT

Plaintiff, CLEAR SPRING PROPERTY AND CASUALTY COMPANY ("Clear Spring"), hereby files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 9(h) of the Federal Rules of Civil Procedures, and, in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201.

2. Plaintiff designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a marine insurance contract.

Plaintiff invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a forum-selection clause in the subject policy of insurance provides that disputes arising thereunder be heard in "the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides." Because the Defendant's address on the Policy is listed as being in Pinellas County, Florida, venue is proper in this District. Furthermore, the insured's agent also resides in this district and division thereof.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Clear Spring is and was a licensed and admitted insurance company in the State of New York and domiciled in Texas.

7. At all times material to this action, Clear Spring was subject to service of process in the State of New York.

8. At all times material to this action, Dai Nguyen (hereinafter "Nguyen") was an individual residing in the State of Florida. Furthermore, he is subject to personal jurisdiction in Florida by virtue of the forum-selection clause in the Policy and by contracting to insure a risk located in Florida at the time of contracting. § 48.193(1)(a)(4.), Fla. Stat.

## FACTUAL ALLEGATIONS

9. This matter arises out of a loss following Hurricane Ian in St. Petersburg, Florida involving Nguyen's 1994 58' Sea Ray, hull identification no. SERY0123H495, M/V "Our Nauti Life" (hereinafter, the "Vessel"), on or about September 28, 2022.

10. Clear Spring issued a private pleasure yacht insurance policy to Dai Nguyen, policy no. CSRYP/209665, with effective dates of January 19, 2022, to January 19, 2023 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "A"** and is fully incorporated herein.

11. The Policy provides, *inter alia*, $160,000 in hull coverage, subject to a $48,000 Named Windstorm Deductible.

12. The Policy also provides, in relevant part, as follows:

### 3. Coverage A, Hull, Machinery, Equipment and Dinghy

If a sum insured is shown for Section A of the insuring agreement declaration page, we provide coverage for accidental physical loss of or damage to the Scheduled Vessel which occurs during the period of this insuring agreement and within the limits set out in the insuring agreement declaration page, subject to the insuring agreement provisions, conditions, warranties, deductibles and exclusions.

\*     \*     \*

### 9. General Conditions & Warranties

c. This insuring agreement incorporates in full your application for insurance and together with any endorsements issued herein, constitutes the entire contract between us. At your request, various provisions of this insuring agreement may be varied by us but only by our prior written agreement.

k. If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary.

m. This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision.

r. Unless we agree in writing to the contrary, if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance

and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the Scheduled Vessel, then it is warranted that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either:

    i.    The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyor's) satisfaction prior to any loss and/or claim

    Or,

    ii.    The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim. Failure to comply with this warranty will void this agreement from inception.

t. Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception.

*   *   *   *   *

1. On November 3, 2022, Nguyen submitted a claim for hull coverage under the Policy for damages purportedly caused by Hurricane Ian.

2. Clear Spring launched an investigation into the cause of the loss and, upon determining that Nguyen had breached multiple warranties in the Policy, reserved its rights.

3. Clear Spring now files this action seeking a judicial determination that the Policy is void from its inception.

## COUNT I – BREACH OF FIRE SUPPRESSION WARRANTY

4. Clear Spring reasserts and realleges the allegations contained in paragraphs 1-17 above as if fully set forth herein.

5. General Condition k. of the Policy provides: "If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that such equipment is properly installed and is maintained in good working order. This includes the weighing of tanks once a year, certification/tagging and recharging as necessary."

6. At the time of the loss, the Vessel was fitted with fire extinguishing equipment.

7. At the time of the loss, the fire extinguishing equipment had not been weighed since 2019.

8. At the time of the loss, the fire extinguishing equipment had not been recertified since 2019.

9. At the time of the loss, the fire extinguishing equipment had not been retagged since 2019.

10. Upon information and belief, at the time of the loss, the fire extinguishing equipment had never been recharged.

11. Pursuant to the Policy's choice-of-law provision, "any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York."

12. Under the law of New York, which governs the construction of this warranty, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of whether the violation was causally related to the loss.

13. Furthermore, General Condition t. of the Policy provides that "Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception."

14. Because Nguyen failed to weigh, recertify, retag or recharge the Vessel's fire extinguishing equipment since November 2019, Nguyen breached the fire suppression warranty contained within the Policy.

15. As a result, the Policy is void from its inception and there is no coverage for any claims arising thereunder.

WHEREFORE, Clear Spring respectfully requests judgment in its favor that Nguyen violated the fire suppression warranty of the Policy, such that there is no coverage for the subject loss and the Policy is void from its inception. Clear Spring further requests any further relief that the Court deems just and appropriate under the circumstances.

## COUNT II – BREACH OF SURVEY COMPLIANCE WARRANTY

16. Clear Spring reasserts and realleges the allegations contained in paragraphs 1-17 and 21-24 above as if fully set forth herein.

17. General Condition r. of the Policy warrants, in relevant part, that "if we request a survey of the Scheduled Vessel then it is warranted that such survey is in existence prior to the effective date of this insurance and a copy of the same must be received by us within 30 days of the effective date of this agreement. If the survey makes **any** recommendations with respect to the Scheduled Vessel, then it is warranted that **all such** recommendations are completed prior to any loss giving rise to any claim hereunder[.]" (emphasis added).

18. As part of Nguyen's application for insurance, he submitted two surveys—one prepared by Jeff Hahn, dated December 30, 2021 (hereinafter, the "Hahn Survey"), and the other prepared by Bill Cosbie, dated January 12, 2022 (hereinafter, the "Crosbie Survey"). A copy of the Hahn Survey is attached hereto as **Exhibit "B."** A copy of the Cosbie Survey is attached hereto as **Exhibit "C."**

8

19. Deficiencies noted by both the Hahn survey and the Crosbie survey include:

    a. non-operational hydraulic trim tabs;

    b. a damaged stair to the flybridge;

    c. a damaged safety rail on the Vessel's port side;

    d. open circuit breakers on the DC electrical panel;

    e. a weak horn;

    f. the lack of a waste management plan; and

    g. out-of-date fire extinguishers.

20. By the time of the loss, multiple recommendations from both the Hahn and Crosbie Surveys had not yet been completed, including but not limited to, the damaged stair to the flybridge, the damaged safety rail on the Vessel's port side, the disrepair of the DC electrical panel, and the out-of-date fire extinguishers.

21. Pursuant to the Policy's choice-of-law provision, "any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York."

22. Under the law of New York, which governs the construction of this warranty, express warranties in marine insurance policies are strictly enforced, and

a breach thereof voids coverage irrespective of whether the violation was causally related to the loss.

23. Furthermore, General Condition t. of the Policy provides that "Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring agreement from inception, it is hereby agreed that any such breach will void this policy from inception."

24. Because the loss occurred before the survey recommendations were completed, Nguyen breached the survey compliance warranty contained within the Policy.

25. As a result, the Policy is void from its inception and there is no coverage for any claims arising thereunder.

WHEREFORE, Clear Spring respectfully requests judgment in its favor that Nguyen violated the survey compliance warranty of the Policy, such that there is no coverage for the subject loss and the Policy is void from its inception. Clear Spring further requests any further relief that the Court deems just and appropriate under the circumstances.

## COUNT III – BREACH OF HURRICANE PLAN WARRANTY

26. Clear Spring reasserts and realleges the allegations contained in paragraphs 1-17 above as if fully set forth herein.

27. As part of Nguyen's application for insurance, he submitted a Hurricane Questionnaire/plan (hereinafter, the "Hurricane Plan") outlining his plans for protecting the vessel in the event of a storm warning. A copy of the signed Hurricane Plan is attached hereto as **Exhibit "D."**

28. In the Hurricane Plan, Nguyen stated that he "[would] move [the Vessel] into the inlet of Tampa Bay for protection" or, as a back-up plan, "[m]ove vessel to dry dock in the Marina."

29. The Hurricane Plan also included, in bold type, the following warning:

> **WARNING:**
>
> **It is hereby warranted that in the event of a named or numbered storm warning or advisory issued by any competent local authority, I/we will secure the above vessel and/or its equipment in accordance with the representations stated above[.]**
>
> **…I agree that this declaration and warranty shall be incorporated in its entirety into any relevant policy of insurance.**

30. Furthermore, General Condition c. of the Policy provides that "[t]his insuring agreement incorporates in full your application for insurance[.]"

31. The Hurricane Plan—including the compliance warranty contained therein—was expressly incorporated into the terms of the Policy.

32. At the time of the loss, the Vessel was not anywhere in the inlet of Tampa Bay.

33. In fact, at the time of the loss, the Vessel was not in Tampa Bay at all, but rather on the Gulf of Mexico side of the Pinellas peninsula.

34. At the time of the loss, the Vessel was not in dry dock, but was in fact in the water.

35. Pursuant to the Policy's choice-of-law provision, "any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York."

36. Under the law of New York, which governs the construction of this warranty, express warranties in marine insurance policies are strictly enforced, and a breach thereof voids coverage irrespective of whether the violation was causally related to the loss.

37. Furthermore, General Condition t. of the Policy provides that "Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted', the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this insuring

agreement from inception, it is hereby agreed that any such breach will void this policy from inception."

38. Because Nguyen did not comply with his Hurricane Plan, Nguyen breached the warranty contained therein that he would comply with it.

39. As a result, the Policy is void from its inception, and there is no coverage for any claims arising thereunder.

WHEREFORE, Clear Spring respectfully requests judgment in its favor that Nguyen violated the Hurricane Plan warranty of the Policy, such that there is no coverage for the subject loss and the Policy is void from its inception. Clear Spring further requests any further relief that the Court deems just and appropriate under the circumstances.

## **COUNT IV – UBERRIMAE FIDEI**

40. Clear Spring realleges and reincorporates the allegations of paragraphs 1-17, 20-24, and 32-34 above as if fully set forth herein.

41. For hundreds of years, policies of marine insurance have been subject to the well-entrenched doctrine of *uberrimae fidei*—the duty of utmost good faith.

42. This duty requires that an insured fully and voluntarily disclose to the insurer all facts material to a calculation of insurance risk.

43. This duty extends even to material facts that are not specifically inquired into by the insurer.

13

44. The Policy, as one of marine insurance—and pursuant to the terms of its choice-of law provision—is governed by the principle of *uberrimae fidei*.

45. In conjunction with Nguyen's application for insurance and the Hahn and Crosbie Surveys, Nguyen submitted a Letter of Compliance (hereinafter "LOC") certifying that "**all** recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with, other than those listed below . . . ." (emphasis added). No exceptions were noted. A copy of the LOC is attached hereto as **Exhibit "E."**

46. Nguyen's representations were false, and Nguyen has thus far failed to provide documentation that all such survey recommendations were complied with.

47. Furthermore, Nguyen failed to disclose that he had not had his fire suppression system weighed, recertified/retagged, or recharged.

48. Clear Spring would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Clear Spring known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

49. Therefore, Nguyen breached the duty of *uberrimae fidei*, rendering the Policy void from its inception, and there is no coverage for any claims arising thereunder.

WHEREFORE, Clear Spring respectfully requests judgment in its favor that Nguyen violated the doctrine of *uberrimae fidei*, such that there is no coverage for the subject loss and the Policy is void from its inception. Clear Spring further requests any further relief that the Court deems just and appropriate under the circumstances.

### COUNT V – BREACH OF GENERAL CONDITION M.

50. Clear Spring realleges and reincorporates the allegations of paragraphs 1-17, 20-24, and 32-34 above as if fully set forth herein.

51. General Condition m. of the Policy provides that "This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance or continuance of this insurance. No action or inaction by us shall be deemed a waiver of this provision."

52. In conjunction with Nguyen's application for insurance and the Hahn and Crosbie Surveys, Nguyen submitted a LOC certifying that "**all recommendations pertaining to the above vessel contained within the detailed survey submitted herein, have been complied with, other than those listed below** . . . ." (emphasis added). No exceptions were noted. *See* **Exhibit "E."**

53. Nguyen's representations were false, and Nguyen has thus far failed to provide documentation that all such survey recommendations were complied with.

54. Furthermore, Nguyen failed to disclose that he had not had his fire suppression system weighed, recertified/retagged, or recharged.

55. Clear Spring would not have issued the Policy, would not have issued it at the same premium, or would not have issued it on the same terms and/or conditions, had Clear Spring known any one or any combination of the facts set forth above, or others to be established in the course of discovery.

56. Therefore, Nguyen breached General Condition m. of the Policy, rendering the Policy void from its inception; and there is no coverage for any claims arising thereunder.

WHEREFORE, Clear Spring respectfully requests judgment in its favor that Nguyen violated General Condition m. such that there is no coverage for the subject loss and the Policy is void from its inception. Clear Spring further requests any further relief that the Court deems just and appropriate under the circumstances.

Dated: March 29, 2023.

                                Respectfully submitted,

                                **DAVANT LAW, P.A.**
                                *Attorneys for Clear Spring*
                                12 Southeast 7th Street, Suite 601
                                Fort Lauderdale, FL 33301
                                Telephone: (954) 414-0400

                    By:  */s/ Charles S. Davant*
                                Charles S. Davant
                                Florida Bar No. 15178
                                csd@davantlaw.com
                                Aaron M. Dmiszewicki
                                Florida Bar No. 111455
                                amd@davantlaw.com